UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
HARRY EUGENE BRISCOE,            : CASE NO. 1:15-CV-01495
:
        Plaintiff,    :
:
vs.                              : OPINION & ORDER
                                               : [Resolving Doc. No. 1]
DAVID MATIA, *et al.*,           :
:
        Defendants.   :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Harry Eugene Briscoe filed this action against Cuyahoga County Common Pleas Court Judge David T. Matia, Cuyahoga County Clerk of Court Gerald E. Fuerst, Attorney Mary K. Tylee, Attorney Thomas Rein, and Court Reporter Gregory Koterba. In the Complaint, Plaintiff denies he was present in court on dates specified in the court's journal entries. He does not list a legal cause of action. He seeks monetary damages and requests the Defendants be removed from office.

    Although *pro se* pleadings are liberally construed, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. A claim lacks an arguable basis in law or fact when it is based on a meritless legal theory or when the facts alleged are clearly baseless.[1] A cause of action fails to state a claim upon which relief may be granted when it

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)

does not contain enough facts to demonstrate the Plaintiff has a plausible claim for relief.[2] In reviewing a Complaint, the Court must interpret the pleading in the light most favorable to the Plaintiff.

In this case, Plaintiff does not state a legal basis for the Court to grant him the relief he seeks. To meet the minimum pleading requirements, the Complaint must give the Defendants fair notice of what legal claims Plaintiff is asserting against them and what actions they committed to give rise to those claims.[3] Here, Plaintiff has not said what legal claims he is intending to pursue in this action, and the Court cannot reasonably determine his legal claims based on the allegations in the Complaint. Plaintiff has not met the basic pleading requirements and the case must be dismissed.

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Dated: November 16, 2015          s/ James S. Gwin
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[3] *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.